IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ALEXIA GARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-5072-CV-SW-RED-SSA |
| ) | |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Alexia Garren ("Garren") seeks judicial review of the Commissioner's denial of her request for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2007); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five). If at any step in the evaluation process the claimant is determined to be not disabled, the inquiry ends. 20 C.F.R. § 404.1520(a)(4) (2007); *see Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

### III. Analysis

Garren raises four arguments in challenging the ALJ's finding of no disability. First, Garren argues the ALJ erred in determining the extent of her severe impairments at step two of the evaluation process. Garren also argues the ALJ failed to properly analyze the opinion of licensed psychologist Alan Ramsey. Garren further contends the ALJ failed to properly assess her physical residual functional capacity. Finally, Garren asserts the ALJ erred in failing to find her testimony credible. The Court will consider each argument in turn.

#### A. Step Two Analysis

Garren first argues the ALJ erred in failing to find her head and jaw pain, headaches, and depression to be severe impairments.

At the second step of the five-step sequential evaluation process used to determine if a

claimant is disabled, the Commissioner considers the medical severity of the claimants impairments; if the claimant does not have a severe medically determinable physical or mental impairment or combination of impairments that is severe, the claimant will be found not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2007). An impairment or combination of impairments is considered "not severe" when medical evidence establishes only slight abnormalities which would have no more than a minimal effect on an individual's ability to work. *See Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987) (citing Social Security Ruling 85-28).

Here, with respect to Garren's physical impairments, the ALJ concluded that "[t]he claimant had a head and jaw injury, but the record does not establish that this has resulted in ongoing physical limitations" and that "[t]he claimant has alleged headaches that require her to stay in bed most of the day, but the medical records do not support this allegation" (Tr. at 21). Garren contends the evidence of record does suggest ongoing issues with headaches and head and jaw pain.

Upon review of the record, the Court finds the ALJ did not err in failing to consider Garren's headaches and head and jaw pain to be severe impairments at step two. While the record does include ongoing complaints of headaches, the record also contains indications that, as the ALJ noted, Garren's headaches were partially controlled by medication (*Id.*). With no objective medical evidence in the record to support Garren's allegation that her headaches require her to stay in bed, the ALJ correctly determined the headaches caused nothing more than a minimal limitation on Garren's ability to perform work (Tr. at 21). And with no medical evidence to establish an ongoing physical limitation as a result of Garren's head and jaw injury, the ALJ did not err in his assessment of Garren's head and jaw pain as non-severe.

With respect to Garren's depression, the ALJ found "that the claimant has some depression

-4-

and anxiety which results in mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in concentration, persistence or pace; and no episodes of decompensation of extended duration" (Tr. at 22). Considering specific mental functional limitations, the ALJ found Garren had "moderate limitations in the ability to carry out detailed instructions and to interact appropriately with the general public" (*Id.*).

While the ALJ never specifically labeled Garren's depression as a severe impairment, his discussion of her depression and anxiety and his assessment of moderate functional mental limitations appears to indicate that he did in fact consider her depression to be a severe impairment. His failure to label it as such is harmless.

Accordingly, the Court finds the ALJ did not err at step two of the sequential evaluation process.

### C. Weight Entitled the Opinion of Alan Ramsey

Garren further argues the ALJ failed to give appropriate weight to the opinion of Alan Ramsey, a licensed psychologist. Garren claims the ALJ failed to properly analyze Mr. Ramsey's opinion pursuant to 20 C.F.R. § 404.1527 and incorrectly gave greater weight to the non-examining state agency medical consultant.

While 20 C.F.R. § 404.1527(d)(1) does state that more weight is generally given to the opinion of an examining source than to a non-examining source, this is just one of the factors that is considered in deciding the weight given to any medical opinion. 20 C.F.R. § 404.1527(d) (2007). Two other factors considered are supportability and consistency. *See id.* Here, the ALJ gave little weight to the opinion of Mr. Ramsey because it was "the only record to show very severe impairment and limitation" and because it was based largely on Garren's own allegations –

allegations which the ALJ did not find to be credible (Tr. at 21). The decision to afford greater weight to the non-examining state agency medical consultant was based on the fact that that evaluation was more consistent with the evidence in the record (*Id.*). Upon review of the evidence in the record, the Court finds the ALJ did not err in discounting the opinion of Mr. Ramsey and affording greater weight to the opinion of a non-examining source.

### C. Physical Residual Functional Capacity Assessment

Garren next argues the ALJ failed to properly assess her physical residual functional capacity. She states four reasons why the ALJ's residual functional capacity assessment is not proper: (1) the ALJ failed to provide proper limitations for her mental impairments, (2) the ALJ failed to consider her non-severe impairments, (3) the ALJ failed to provide limitations for her right-side weakness and reaching problems, and (4) the ALJ did not properly consider Garren's severe impairment of obesity when assessing her abilities.

Garren's first argument is based on the fact that she believes the ALJ erred in failing to consider the opinion of Mr. Ramsey. Her next two arguments are based largely on the contention the ALJ did not properly identify all severe impairments at step two of the evaluation process. As discussed above, however, the Court has found that the ALJ did not err in discounting Mr. Ramsey's opinion and did not err in his step two analysis. Thus, these arguments are without merit. As to Garren's final argument, the ALJ did find her obesity to be a severe impairment before fashioning his residual functional capacity assessment (Tr. at 21). The fact the ALJ did not expressly state which limitations related to her obesity is not reversible error. The Court finds the residual functional capacity assessment is supported by substantial evidence on the record.

-6-

D.  Credibility Findings

Finally, Garren argues the ALJ failed to find her testimony credible.

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As such, if an ALJ discredits a claimant's testimony and gives good reasons for doing so, the Court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). When making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them; however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994). The ALJ is not required to discuss each *Polaski* factor in his decision as long as the *Polaski* framework is acknowledged and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

After consideration of the evidence of record, the ALJ found "clamaint's allegations of totally disabling, medically determined impairments, not credible " (Tr. at 21). The ALJ based this conclusion on Garren' limited work history, lack of treatment for her alleged severe depression, evidence of "suspected malingering," evidence her prescribed medication was effective in helping her headaches, and the objective medical evidence (Tr. at 20). Taking these factors together, and

based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's evaluation of Garren's credibility.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ in partial denying disability benefits is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE:	August 6, 2008	  /s/ Richard E. Dorr
	RICHARD E. DORR, JUDGE
	UNITED STATES DISTRICT COURT